IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHAWN METTS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-558-SLR |
| | ) |
| WARDEN PHIL MORGAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 14th day of January, 2009, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the claim against defendant Warden Phil Morgan is dismissed as frivolous pursuant to 28 U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Shaun Metts ("plaintiff"), an inmate at the Howard R. Young Correctional Institution ("HRYCI), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it

"lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to §§ 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

4. Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).

"[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

5. **Discussion**. Plaintiff alleges that subsequent to his incarceration he has developed a skin condition. He has received medical treatment and medication but complains that it is not working. Consequently, plaintiff filed a medical grievance and wrote to defendant but received no response.

6. **Personal Involvement**. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff is unhappy with the medical treatment he is receiving and has submitted a grievance and written to defendant with his complaints. The allegations, however, do not rise to the level of a constitutional violation.

7. Participation in the after-the-fact review of a grievance is not enough to

3

establish personal involvement. *See, e.g., Brooks v. Beard*, 167 Fed. Appx. 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). *See also Cole v. Sobina*, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); *Ramos v. Pennsylvania Dep't of Corr.*, 2006 WL 2129148 (M.D. Pa. July 27, 2006); *Jefferson v. Wolfe*, 2006 WL 1947721 (W.D. Pa. July 11, 2006). Nor does a prison officials' failure to respond to an inmate's grievance state a constitutional claim. *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa.1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998). Plaintiff's claim lacks an arguable basis in law or in fact and, therefore, fails to state a cognizable § 1983 claim.

8. **Conclusion.** Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE

4